IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SOUTHERN INSURANCE COMPANY ) <br> OF VIRGINIA, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JUSTIN D. MITCHELL, et al., ) <br> ) <br>    Defendants. ) | NO. 3:24-cv-00198 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE FRENSLEY |

## MEMORANDUM AND ORDER

Plaintiff insurer filed a Complaint for Declaratory Judgment asking the Court to declare that it has no duty to indemnify or defend Defendants in connection with a lawsuit pending in a California state court. (Doc. No. 1). Through their pending motion, Defendants seek dismissal on two grounds: (1) lack of standing, and (2) failure to state a claim upon which relief can be granted. (Doc. No. 12). Plaintiff responded to the motion (Doc. No. 14), but Defendants did not file a reply. For the reasons discussed below, Defendants' motion to dismiss (Doc. No. 12) is **DENIED**.

   A. Rule 12(b)(1)

"A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). Where a Rule 12(b)(1) motion challenges subject matter jurisdiction based on the face of the complaint, as this one does, the plaintiff's burden is "not onerous." *Musson Theatrical Inc. v. Fed. Express Corp.*, 89

F.3d 1244, 1248 (6th Cir. 1996). A court evaluating this sort of facial attack to the assertion of subject matter jurisdiction must consider the allegations of fact in the complaint to be true and evaluate jurisdiction accordingly. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). As such, the Court can consider the insurance policy attached to the complaint (Doc. No. 1-2) in resolving Defendants' challenge to Plaintiff's standing.

Here, Defendants argue that the reference to "Donegal" in paragraph 10 of the complaint means that Plaintiff lacks standing to bring this action. Plaintiff correctly points out in its response that the policy at issue states that the coverage is provided by Plaintiff. (*See* Doc. No. 1-2). Accordingly, Plaintiff has met its burden of showing that it has standing to bring this action, and Defendants' motion under Rule 12(b)(1) is **DENIED**.

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

While the Court's decision to grant or deny a motion to dismiss "rests primarily upon the allegations of the complaint, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint [ ] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (citation and internal quotations omitted). Accordingly, the Court may consider the California lawsuit and the insurance policy attached to the complaint (Doc. No. 1-2) in resolving Defendants' arguments for dismissal brought under Rule 12(b)(6).

Defendants base their argument for dismissal largely on an analysis of the California lawsuit and assert that the allegations there do not involve claims against Jamie or Justin Mitchell and do not include any allegations that invoke an exclusion under the policy. Thus, in effect, Defendants appear to argue Plaintiff should cover any claim arising from the California lawsuit – but that is the declaratory judgment Plaintiff seeks from this Court. In response, Plaintiff points to the allegations in the complaint, along with the allegations in the California lawsuit, with the former being accepted as true for Rule 12(b)(6) purposes, that state a claim for declaratory relief concerning the duty to indemnify and defend under the policy at issue. Accordingly, Defendants' motion under Rule 12(b)(6) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE