IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SOUTHERN INSURANCE COMPANY ) | |
| OF VIRGINIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:24-cv-00198 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| JUSTIN D. MITCHELL, et al., ) | MAGISTRATE JUDGE FRENSLEY |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's' motion for judgment on the pleadings (Doc. No. 29), brought under Federal Rule of Civil 12(c), which is fully briefed. (Doc. Nos. 30, 31). For the reasons discussed below, the motion (Doc. No. 29) is **GRANTED** in part and **DENIED** in part.

Plaintiff Southern Insurance Company of Virginia moved for judgment on the pleadings in its favor for a declaratory judgment concerning its duty to defend Defendant William Mitchell in a wrongful death case pending in California state court. Defendants' answer contests only one allegation in the complaint in the present action: that Plaintiff has no duty to defend or indemnify Defendants in connection with the California case. (Answer, Doc. No. 28 ¶ 10). The complaint in the California case alleges that William Mitchell aided and abetted in purchasing, distributing, and furnishing the controlled substance that resulted in the decedent's death, and claims he is liable for wrongful death sounding in negligence and for violating the California Drug Dealer Liability Act. (*See* Doc. No. 1-1).

The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014). The Court construes the complaint

in the light most favorable to the plaintiff, accepts its factual allegations as true, and determines "whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [him to] relief." *Id.* (internal quotation marks and citations omitted). Judgment on the pleadings is proper when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *See Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021).

The Court is limited to review of the language of the complaint and any exhibit attached to the Complaint or referred to in the complaint and central to the plaintiff's claim. *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (approving of district court's refusal to consider documents filed with a motion to dismiss that were not referenced in the complaint and central to plaintiff's claims). Here, Plaintiff attached a copy of the complaint in the California lawsuit and a copy of the insurance contract as exhibits to the complaint in the present matter. (*See* Doc. Nos. 1-1, 1-2). Plaintiff also references the California lawsuit and insurance policy within its complaint, and the California lawsuit and insurance policy are central to Plaintiff's claim for declaratory judgement in this matter. (*See* Complaint, Doc. No. 1 ¶¶ 5, 8-11, 14-15). Accordingly, the Court may consider the complaint in the California case and the insurance policy at issue in resolving the pending motion.

"Under Tennessee law, the duty to defend and the duty to indemnify are distinct." *Am. Guarantee & Liab. Ins. Co. v. Norfolk S. Ry. Co.*, 278 F. Supp. 3d 1025, 1041 (E.D. Tenn. 2017) (citing *St. Paul Fire & Marine, Ins. Co. v. Torpoco*, 879 S.W.2d 831, 835 (Tenn. 1994)). "[T]he duty to defend is a question of law that can be decided at the summary judgment stage." *Id*. On other hand, the duty to defend "is triggered only after a fact finder determines the 'true facts' and these facts are within a policy's coverage." *Id*.

The Tennessee Court of Appeals has explained how courts determine the duty to defend from the pleadings, stating:

> An insurer's duty to defend is separate and distinct from the insurer's obligation to pay claims under the policy. *Jackson Housing Auth. v. Auto–Owners Ins. Co.*, 686 S.W.2d 917 (Tenn. App.1984). The duty to defend is broader than the duty to indemnify. This court must review the allegations of the complaint and determine whether any of them are covered under the policy. If even one of the allegations is covered by the policy, the insurer has a duty to defend, irrespective of the number of allegations that may be excluded by the policy. *U.S. Fidelity & Guar. Co. v. Murray Ohio Manuf. Co.*, 693 F.Supp. 617 (M.D. Tenn. 1988). An insurer may not properly refuse to defend an action against its insured unless "it is plain from the face of the complaint that the allegations fail to state facts that bring the case within or potentially within the policy's coverage." *Glens Falls Ins. Co. v. Happy Day Laundry, Inc.*, 19784 T.D., 1989 WL 91082 (Tenn. App. August 14, 1989).

*Planet Rock, Inc. v. Regis Ins. Co.*, 6 S.W.3d 484, 491 (Tenn. Ct. App. 1999) (quoting *Drexel Chemical Co. v. Bituminous Ins. Co.*, 933 S.W.2d 471, 480 (Tenn. Ct. App. 1996)). Accordingly, the Court can find no duty to defend if it is plain from the face of the complaint and the attachments thereto that the allegations fail to state facts that bring the case within or potentially within the policy's coverage. *See id*.

Plaintiff argues that the plain language of a specific exclusion – Section II, Coverage E, Part 1 – when compared to the allegations against William Mitchell in the California case require this Court to declare that Plaintiff has no duty to defend William Mitchell in the California case.

Specifically, that exclusion states:

1. Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to "bodily injury" or "property damage":

a. Which is expected or intended by any "insured". This exclusion also applies to any intentional or purposeful acts that would reasonably be expected to result in "bodily injury" to any person or "property damage" to any property;

3

>   …
>   1. Arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a Controlled Substance(s) as defined by the Federal Food and Drug Law at 21 U.S.C.A. Sections 811 and 812. Controlled Substances include but are not limited to cocaine, LSD, marijuana, and all narcotic drugs. However, this exclusion does not apply to the legitimate use of prescription drugs by a person following the orders of a licensed physician.

(Doc. No. 1-2 at PageID # 71-72).

Defendants oppose judgement on the pleadings by arguing that the California case asserts theories of liability that show cause of injury not entirely arising out of the controlled substances. This is referred to as the "concurrent cause doctrine." *Clark v. Sputniks, LLC*, 368 S.W.3d 431, 441 (Tenn. 2012). Under that doctrine, there can be insurance coverage "in a situation where a nonexcluded cause is a substantial factor in producing the damage or injury, even though an excluded cause may have contributed in some form to the ultimate result and standing alone, would have properly invoked the exclusion contained in the policy." *Id*. (citing *Allstate Ins. Co. v. Watts*, 811 S.W.2d 883, 887 (Tenn. 1991)).

The concurrent cause doctrine, therefore, looks to whether coverage should apply when the independent causes – one addressed by an exclusion and the other not – caused the damages or injury and will allow for coverage if the nonexcluded act was a substantial causal factor. A post-*Allstate* case that illustrates the concurrent cause doctrine is *Planet Rock, Inc. v. Regis Ins. Co.*, 6 S.W.3d 484 (Tenn. Ct. App. 1999). There, a plaintiff alleged two causes of injury: (1) assault by a bar patron (excluded) and (2) negligence in failing to provide timely medical assistance (not excluded). The Court, in finding a duty to defend, looked to whether there were separate causes of harm, each of which provided causation even though they had different effects in terms of coverage.

The claims against William Mitchell in the California case are couched in terms of different liability theories – negligence, duty to warn, and violation of the California Drug Dealer Liability Act – but each theory of liability is anchored in the decedent's drug overdose. Put another way, the California case does not allege that anything other than the drug overdose and circumstances surrounding it caused the harm. This is unlike the facts of *Allstate* and *Planet Rock* where distinct acts were alleged to have caused harm. A plain reading of the allegations in the California case reveals that every theory of liability is inextricably intertwined with the drug overdose, so no other act created a "substantial part" from a risk covered by the policy. Other courts have construed similar "controlled substances" exclusions similarly, albeit applying other state's laws. *See First Am. Prop. & Cas. Ins. Co. v. Wolverton*, No. 3:23-CV-05228-TMC, 2023 WL 8236982 (W.D. Wash. Nov. 28, 2023) (applying Washington law); *Safeco Ins. Co. of Am. v. Yount*, No. 4:19-CV-00890-MTS, 2020 WL 6445840 (E.D. Mo. Nov. 3, 2020) (applying Missouri law).

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is **GRANTED** in that it has no duty to defend William Mitchell against the claims in the California lawsuit. However, because the duty to indemnify is based on facts determined by the trier of fact and not merely the facts alleged in the complaint – as is the case of the duty to defend – the Court cannot conclude at this juncture whether Plaintiff has a duty to indemnify William Mitchell relating to the California case. Therefore, the motion for judgment on the pleadings is **DENIED** as to the issue of the duty to indemnify.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

5
Case 3:24-cv-00198   Document 34   Filed 10/10/24   Page 5 of 5 PageID #: 511